| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP**<br>Thomas J. Fleming, Esq.<br>Michael S. Fox, Esq.<br>Jonathan T. Koevary, Esq.<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300<br>*Special Counsel to the Plaintiff* | Hearing Date: January 10, 2022 at 9:30 a.m.<br>Objection Deadline: January 3, 2022 at 4:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DIAMOND FINANCE CO., INC.,<br><br>                    Debtor. | Case No.: 20-71877-reg<br><br>Chapter 7 |
| Marc Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc.,<br><br>                    Plaintiff,<br>      -against-<br><br>Auto City International, Inc., Diamond Cars "R" Us Inc., Diamond Cars Are Us Inc, Marcos Benzaquen, Jacob Benzaquen and John Does 1-10,<br><br>                    Defendants. | Adv. Proc. No.: 21-08051-reg |

### NOTICE OF MOTION OF TRUSTEE SEEKING ENTRY OF DEFAULT AGAINST DEFENDANT AUTO CITY INTERNATIONAL, INC.

**PLEASE TAKE NOTICE**, that Marc Pergament ("Trustee" or "Plaintiff") by and

through its special counsel will move (the "Motion") before the Honorable Robert E. Grossman,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District

of New York (the "Bankruptcy Court"), Alfonse M. D'Amato U.S. Courthouse, 290 Federal

Plaza, Courtroom 860, Central Islip, NY 11722, on January 10, 2022 at 9:30 a.m. (ET), or as

1

soon thereafter as Counsel may be heard, for the entry of an Order, substantially in the form of the proposed order ("Order") annexed as Exhibit A to the accompanying Motion seeking entry of a default against defendant Auto City International, Inc.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Bankruptcy Rule 9072-1, objections if any, shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules and Administrative Orders of the Bankruptcy Court, shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system and, by all other parties in the interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format so as to be actually received no later than January 3, 2022 at 4:00 p.m. (ET) upon: Special Counsel to the Trustee, Olshan Frome Wolosky LLP, 1325 Avenue of Americas, New York, New York 10019, Attn: Jonathan T. Koevary Esq.

**PLEASE TAKE FURTHER NOTICE,** that Defendant's opposition papers, if any, must be served upon the undersigned counsel so that they are received at least seven days prior to the return date of this motion.

3

Dated: New York, New York
December 16, 2021

OLSHAN FROME WOLOSKY LLP

By:  /s/ Jonathan T. Koevary
Thomas J. Fleming, Esq.
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Special Counsel to the Plaintiff*

**OLSHAN FROME WOLOSKY LLP**       **Hearing Date: January 10, 2022 at 9:30 a.m.**
Thomas J. Fleming, Esq.      **Objection Deadline: January 3, 2022 at 4:00 p.m.**
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Special Counsel to the Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DIAMOND FINANCE CO., INC.,<br><br>                        Debtor. | Case No.: 20-71877-reg<br><br>Chapter 7 |
| Marc Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc.,<br><br>                        Plaintiff,<br>       -against-<br><br>Auto City International, Inc., Diamond Cars "R" Us Inc., Diamond Cars Are Us Inc, Marcos Benzaquen, Jacob Benzaquen and John Does 1-10,<br><br>                        Defendants. | Adv. Proc. No.: 21-08051-reg |

**TRUSTEE'S MOTION FOR ENTRY OF DEFAULT**
**AGAINST DEFENDANT AUTO CITY INTERNATIONAL, INC.**

Pursuant to Fed. R. Civ. P. 55(a) made applicable by Rule 7055 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Marc Pergament ("Plaintiff" or "Trustee"), by

and through his special counsel, Olshan Frome Wolosky LLP, respectfully files this motion (the

"Motion") seeking entry of a default against Defendant Auto City International, Inc. ("Auto City")

6092583-1

in an order substantially set forth as Exhibit A hereto for failure to answer or otherwise defend this action. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Fed. R. Civ. P. 55(a) which is made applicable pursuant to Bankruptcy Rule 7055.

2. The factual predicates for relief are found in the accompanying *Declaration of Jonathan T. Koevary, Esq.* (the "Koevary Declaration") attached as Exhibit B hereto.

## RELIEF SOUGHT

3. By this Motion, the Trustee seeks entry of a default against Auto City. The Trustee reserves the right to seek a default judgment against Auto City pursuant to Fed. R. Civ. P. 55(b) and Local Bankruptcy Rule 7055-1 following entry of a default.

## FACTS

4. The Trustee commenced this adversary proceeding on March 18, 2021 by filing the complaint (the "Complaint"); [Dkt. No. 1]. Auto City is a named defendant.

5. Auto City is a New York domestic corporation listed as "active" on the publically available New York Department of State database (the "DOS Database"). See Koevary Dec. ¶ 2 and Exhibit A thereto.

6. This Court issued the summons (the "Summons") of Auto City on March 19, 2021. [Dkt. No. 3]. A responsive pleading under the summons was due by April 19, 2021. See Koevary Dec. ¶ 3.

7. On March 24, 2021, Metro Attorney Service Inc. served two copies each of the Summons, Complaint, and Civil Cover Sheet upon the New York Secretary of State as agent for

Auto City and paid the statutory required fee. See Koevary Dec. ¶ 4 and Exhibit B thereto. *See also* Dkt. No. 5 at 2

8.  The court's public docket indicates that Auto City failed to answer or otherwise respond to the Complaint, and the time to do so has expired. See Koevary Dec. ¶ 5.

9.  The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court. See Koevary Dec. ¶ 6.

## PREDICATES FOR RELIEF

10. Fed. R. Civ. P. 55(a) is made applicable by Bankruptcy Rule 7055. Fed R. Civ. P. 55(a) provides: "(a) Entering a Default: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk ***must*** enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

11. Fed. R. Civ. P. 4(e) is made applicable by Bankruptcy Rule 7004(a)(1). Fed R. Civ P. 4(e)(1) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1).

12. Fed. R. Civ. P. 4(h) is also made applicable by Bankruptcy Rule 7004(a)(1). Fed R. Civ. P. 4(h)(1(A) allows for service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed R. Civ. P. 4(h)(1)(B) allows for service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the

agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

13. Service upon a corporation in New York State may be completed by serving two copies of the summons and complaint upon the Secretary of State and paying the associated statutory fee pursuant to Section 306 of the New York Business Corporations Law, which provides in pertinent part:

> (a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.
>
> (b) (1) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose. If a domestic or authorized foreign corporation has no such address on file in the department of state, the secretary of state shall so mail such copy, in the case of a domestic corporation, in care of any director named in its certificate of incorporation at the director's address stated therein or, in the case of an authorized foreign corporation, to such corporation at the address of its office within this state on file in the department.

N.Y. B.C.L. § 306. *See, e.g., Trustees of Empires State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Co-op., Pension & Welfare Funds v. Precision Concrete & Masonry, Inc.,* No. 12-CV-5645 ADS GRB, 2013 WL 4761146, at *5 (E.D.N.Y. Sept. 3, 2013) ("delivery [of two copies of the summons and complaint] and payment to the Secretary of State satisfies the conditions for service under New York Business Corporation Law § 306 and Federal Rule of Civil Procedure 4(e)(1). It

also constitutes service upon an agent authorized under state law to receive service under either prong of Rule 4(h)(1)").

14. Because this Court is located in New York State and because Auto City is a domestic New York corporation, the Trustee submits service of the Summons and Complaint as set forth in the Koevary Declaration was proper and complete on March 24, 2021 pursuant to N.Y. B.C.L. § 306, Fed. R. Civ. P. 4(e) and (h) and Bankruptcy Rule 7004(a)(1).

15. April 19, 2021 was the date for Auto City to answer or otherwise respond to the Complaint. Because and Auto City has not responded or otherwise defended this adversary proceeding, the clerk or the Court must enter a default against Auto City pursuant to Fed. R. Civ. P. 55.

16. No previous application or similar relief has been sought.

## **NOTICE**

17. No counsel is known for Auto City. Notice of this Motion will be served upon Auto City via the Secretary of State and electronically on all parties who have appeared by ECF in this adversary proceeding. The Trustee submits no other notice is required.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Trustee respectfully request that the Court or the Clerk enter an order granting the default.

Dated: December 16, 2021
      New York, New York

                    **OLSHAN FROME WOLOSKY LLP**

                    By:  /s/ Jonathan T. Koevary
                         Thomas J. Fleming, Esq.
                         Jonathan T. Koevary, Esq.
                         Michael S. Fox, Esq.
                         1325 Avenue of the Americas
                         New York, New York 10019
                         (212) 451-2300
                         *Special Counsel to the Plaintiff*